87 So.2d 435

### Charles P. EVANS

v.

### STATE.

### 4 Div. 277.

Court of Appeals of Alabama.

March 8, 1955.

Rehearing Denied April 12, 1955.

W. Perry Calhoun and J. N. Mullins, Dothan, for appellant.

Bernard F. Sykes, Asst. Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been adjudged guilty of grand larceny, the property allegedly stolen being an automobile belonging to W. W. Gibson.

The automobile, a 1952 Chevrolet, was stolen from the vicinity of the Wiregrass Stadium in Dothan while its owner was attending a football game on Thanksgiving Day, in 1952.

Several days later the car was located by police on a used car lot in Montgomery.

C. L. Ballard, a witness for the State, testified that early on Thanksgiving Day 1952 the appellant came to his place of business in Montgomery. He was driving a Buick automobile for which he wanted $2,250. Ballard told the appellant that Chevrolets would sell better, and the appellant replied that his nephew had two automobiles, a Buick and a Chevrolet, and that he would bring the Chevrolet back.

The next day the appellant arrived at Ballard's place around 1:00 p. m. accompanied by a young man in an army uniform, the young man being represented as Billy Rogers, appellant's nephew.

According to Ballard the appellant was then indebted to him in the amount of $2,300 more or less, and he traded with appellant to pay this debt with the Chevrolet automobile. While the bill of sale was executed by the alleged nephew, all of the trading was carried on by the appellant.

The Chevrolet thus obtained by Ballard was the one stolen from Mr. Gibson the day before.

Walter L. Huggins, a witness for the State, testified that he was at Ballard's place of business on the day after Thanks-

188

giving in 1952, for most of the day, and while there he observed the appellant there.

The defense was directed toward establishing an alibi, the appellant testifying that he left Montgomery on Thanksgiving Day with Mr. E. F. Taylor and drove Mr. Taylor to Atlanta, Georgia, in order that Mr. Taylor might consult an eye specialist. They remained in Atlanta until Saturday afternoon and did not return to Montgomery until around ten o'clock on that Saturday.

The appellant denied any dealings with Ballard in respect to the stolen car.

Mr. Taylor's testimony was corroborative of appellant's as to their trip to Atlanta on the dates in question.

The court's rulings were invoked only rarely in the trial below. In most instances the court ruled with the appellant, and in the remaining instances his rulings were patently correct and require no discussion.

■ The refused charges requested by appellant were all refused without error, being covered by the court's oral charge or other charges given at appellant's request.

Counsel for appellant have therefore argued only one point in their brief, the action of the court in refusing appellant's request for the general affirmative charge with hypothesis, and in denying appellant's motion for a new trial on the grounds that the weight of the evidence was contrary to the verdict.

Clearly under the evidence the court was justified in refusing appellant's requested affirmative charge.

■ We are also clear to the conclusion that the State's evidence, if believed by the jury under the required rule, and the reasonable inferences to be drawn therefrom, was ample in its tendencies to fully support the verdict rendered, either that the appellant was guilty of the larceny of the automobile as an aider and abetter, in view of his conversations with Ballard on Thanksgiving Day, or that he was guilty by reason of possession of recently stolen goods without an excuse for such possession satisfactory to the jury.

■ While the evidence presented by the defense was entirely contradictory of that presented by the State, such situation raised a question of fact solely within the province of the jury to resolve.

This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.

On Rehearing

■ In their brief in support of appellant's application for a rehearing counsel for appellant argue that the lower court erred in its refusal of appellant's motion for a new trial on the assigned ground of newly discovered evidence.

We did not treat this point in our opinion for the reason that it was patently without merit and involved only long settled principles of law.

Ground 12 of appellant's motion for a new trial is as follows:

"That since the trial and verdict in this cause the defendant has discovered new and material evidence in this case, to-wit: the evidence of the following witness: F. A. Barfield, the substance of whose testimony is as follows: That on the nights of November 27, 28, 29, 1952, the defendant, C. P. Evans, was registered as a guest and stayed in Oaks Motor Court in Atlanta, Georgia, on the dates above set out, and that the said F. A. Barfield will appear in Court of the Circuit Court of Houston County, Alabama, at Law, at any time and give evidence of the above facts. The defendant further says that although he used diligent effort prior to his trial, he failed to know of or to find said witness prior to said trial and said verdict and that his cause was greatly prejudiced by not having said witness present and testifying at his said trial."

Pretermitting entirely the question of appellant's diligence in the matter, the rec-

ord shows that Mr. Taylor, a defense witness, testified that he and appellant were in Atlanta together on the dates set out in the motion, and the appellant testified that they checked in at a tourist court during their stay in Atlanta.

The evidence that could be presented by the witness Barfield would be merely cumulative and corroborative of the evidence of which the appellant had the benefit during his trial. Under such conditions a new trial is not authorized. See 7 Ala. Dig., Criminal Law, ☞941(1) for authorities.

Application denied.